UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**INDRIAS SEID,**

    **Plaintiff,**

    v.

    Civil Action 2:24-cv-1480
    Judge Michael H. Watson
    Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER JOHN O'GRADY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Application to Proceed *In Forma Pauperis*. (ECF No. 4.)  For the following reasons, it is **RECOMMENDED** that Plaintiff's Application be **DENIED**.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, (1948), set forth the legal standards governing applications to proceed *in forma pauperis*.  The *Adkins* Court advised that "one must not be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id. at* 339.  The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id*.  Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life.  *Id*.

Courts evaluating applications to proceed *in forma pauperis*, generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses.  *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014).  Courts also "consistently consider[] his or her other financial resources, including resources that could be made available from the applicant's spouse, or other family members, as well as equity in real estate and automobiles."  *Levet v. Comm'r of Soc. Sec.*, No. 1:14-cv-1379, 2014 WL 3508893, at *2 (S.D. Ohio July 14, 2014) (internal quotation marks and citations omitted); *see also Reynolds v. Crawford*, No. 1:01–cv–877, 2009 WL 3908911, at *1 (S.D. Ohio Nov. 17, 2009) (collecting cases reflecting that "[t]he case law also directs the courts to consider the income and assets of the applicant's spouse in assessing an application to proceed *in forma pauperis*.")

Here, the information set forth in Plaintiff's *in forma pauperis* application does not demonstrate his inability to pay.  Rather, the application reflects that he has cash on hand in his checking account in the amount of $7,000.00.  The application further reflects that Plaintiff owns property valued at $125,000.00.  While the application indicates that Plaintiff owes $500.00 on a "Wellgreen card," it is not clear whether this amount equals the total owed or Plaintiff's monthly payment.  (Pl.'s Application, ECF No. 4, at 3.)  Beyond this, Plaintiff does not identify any monthly obligations.  (*Id.*)  Further, Plaintiff indicates that he is single with no dependents.  (*Id.* at 2.)

In short, this is not a case where the filing fee poses an undue hardship.  Rather, this is a case in which Plaintiff must "'weigh the financial constraints posed by pursuing [his] complaint against the merits of [his] claims.'"  *Hines v. Comm'r of Soc. Sec. Admin.,* No. 5:17CV2332, 2017 WL 6047651, at *2 (N.D. Ohio Dec. 7, 2017) (quoting *Levet*, 2014 WL 3508893, at * 2

(quoting *Behmlander*, 2012 WL 5457466, at *2); *see also Brown v. Dinwiddie*, 280 Fed.Appx. 713, 715-16 (10th Cir. 2008) (denying IFP application where plaintiff had $850 in savings account and could thus afford the $455 filing fee for his appeal).

In view of Plaintiff's available income, the Undersigned finds that Plaintiff has not demonstrated that, because of his poverty, he is unable to pay for the costs of this litigation and still provide for himself. Accordingly, it is **RECOMMENDED** that Plaintiff's Application be **DENIED** and that he be ordered to pay the required filing fee within **FOURTEEN (14) DAYS** if he intends to proceed.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and forfeiture of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal...." (citation omitted)).

**IT IS SO ORDERED.**

Date:   May 21, 2024                                      /s/ *Elizabeth A. Preston Deavers*
                                                                                     ELIZABETH A. PRESTON DEAVERS
                                                                                     UNITED STATES MAGISTRATE JUDGE